### NEWMAN v. NEWMAN.

(Supreme Court, Appellate Division, Second Department. May 5, 1905.)

DIVORCE—CUSTODY OF CHILDREN—MODIFICATION OF JUDGMENT—RIGHT TO MAKE APPLICATION.

Code Civ. Proc. § 1771, authorizes the Supreme Court to modify directions in a divorce decree as to the custody and care of the children, but provides that no such application shall be made by defendant, without leave previously granted. A judgment in divorce gave the wife custody of a child, but provided that the husband should be entitled to visit the child at all proper times and places. Held, that after removal of all the parties to a distant state leave to the husband to apply for a modification of judgment so as to provide that the child should reside within the jurisdiction or at such other place beyond the jurisdiction as would enable defendant to visit and care for her was properly denied.

Appeal from Special Term, Kings County.

Action by Lelia Moore Newman against Walter George New-
man. From an order denying defendant's motion for leave to mod-
ify a judgment of divorce against him, defendant appeals. Af-
firmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and MILLER, JJ.

Howard A. Sperry, for appellant.
Joseph Brewster, for respondent.

WILLARD BARTLETT, J. The Supreme Court, by virtue of
the provisions of section 1771 of the Code of Civil Procedure, now
possesses the power to modify the directions contained in a final
judgment of divorce for the custody, care, education, and mainte-
nance of any of the children of the marriage, upon the application
of either party to the action, upon due notice to the other. "But
no such application shall be made by a defendant, unless leave to
make the same shall have been previously granted by the court by
order made upon or without notice as the court in its discretion may
deem proper, after presentation to the court of satisfactory proof
that such an application should be entertained." The final judg-
ment of divorce in the present action awarded the custody of Ma-
rion Elizabeth Newman, the child of the marriage, to the plaintiff,
Lelia Moore Newman, "with the privilege to the defendant of know-
ing her whereabouts at all times, and of calling on her and seeing her
at all reasonable and proper hours." The defendant asked leave "to
move to modify the directions in said judgment providing for the
custody, care, education, and maintenance of the said child of said
marriage, Marion Elizabeth Newman, by providing for her resi-
dence or custody within the jurisdiction or at such other place be-
yond its jurisdiction as will enable the defendant to visit and care
for her." The court at Special Term refused to grant the desired
leave, and the defendant has appealed.

The papers read upon the application showed that the plaintiff had
taken the child to reside with her in the state of Virginia; and if it
had appeared that the defendant was still a resident of this state,
we think the court could not properly have refused to entertain the
motion which he wished to make, to modify the decree so as to re-
quire the child to be kept within the jurisdiction of the Supreme
Court here, or at all events at a place conveniently accessible from
New York. It was shown, however, that the defendant himself
had become a resident of Virginia; that he had described himself
as a resident of that state in a proceeding which he instituted in a
Virginia court to obtain custody of the child; and hence it was evi-
dent that the modification of the divorce judgment for which he
proposed to move ought not, in any event, to be granted, for it
could not possibly conduce to his convenience in visiting the child
that she should be kept in New York, or near New York, while he
resided in Virginia. It appearing without dispute that the father
and mother and child all now reside in that commonwealth, it was
manifest that the modification specified in the defendant's order to

show cause as that for which he desired to move was a modification to which he was not entitled.   Hence it was proper to deny him leave to move therefor.   The case is not like the Matter of Wing, 5 Thomp. & C. 205, which was an application for leave to sue the committee of a lunatic, where the statements of fact by the opposing parties were irreconcilable, and where it was held to be improper to refuse such leave when there was a direct conflict upon the merits.   Here there is no conflict upon the question on which the propriety of the desired modification depends; that is, the present residence of both parents and the child of the marriage.

If the defendant had sought for leave to move to modify the judgment of divorce so as to define what was meant and intended by the clause which entitled him to call upon and see his child at all reasonable and proper hours, he might well have been entitled to relief upon proof that what he deemed reasonable access had been denied him. · The learned counsel for the appellant indicated in his oral argument that he understood such to be the purport of his motion, but we do not so regard it, in view of the phraseology of the order to show cause.   We must deal with the motion as it was made, and our conclusion is that it was properly denied upon the proofs presented.

Order affirmed, with $10 costs and disbursements.   All concur.